STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In Re*: G.M. and A.M.

**No. 15-1015** (Braxton County 14-JA-55 and 14-JA-56)

## MEMORANDUM DECISION

Petitioner Father S.B., by counsel Daniel K. Armstrong, appeals the Circuit Court of Braxton County's September 30, 2015, order terminating his parental and custodial rights to G.M. and A.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response and admitted that the circuit court erred. The guardian ad litem, David Karickhoff, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental and custodial rights to the children without adjudicating him an as abusing parent or requiring that a family case plan be filed.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court erred in failing to adjudicate petitioner as an abusing parent. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is therefore appropriate for a memorandum decision vacating the circuit court's order rather than an opinion.

In September of 2014, the DHHR filed an abuse and neglect petition against the parents. Specifically, the petition alleged that both parents engaged in substance abuse and that, upon A.M.'s birth, the mother tested positive for opiates for which she did not have a valid prescription. The petition further alleged that A.M.'s urine could not be screened because petitioner threw away the samples. According to the petition, the mother failed to obtain proper prenatal care for the child and attended only one appointment with a physician during her pregnancy. Further, the DHHR alleged that when the mother gave birth to the parents' oldest child, G.M., that child tested positive for controlled substances. Petitioner initially moved to dismiss the petition against him on the grounds that it did not allege any abuse on his part. As such, the DHHR later amended the petition to include allegations that petitioner was aware of the

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

mother's substance abuse and her pregnancy, yet took no steps to protect the child. Shortly thereafter, the DHHR filed a second amended petition to include allegations that petitioner tested positive for controlled substances in October of 2014. The petition further included two of petitioner's other children from prior relationships, H.B. and I.S., as infant respondents.

In October of 2014, the circuit court held an adjudicatory hearing in regard to the mother. The record is clear, however, that this hearing in relation to petitioner was simply a preliminary hearing on the second amended petition. During this hearing, the mother stipulated to certain allegations in the petition. Further, the DHHR did not put on any evidence or witnesses in regard to the allegations against petitioner. Instead, petitioner moved for a pre-adjudicatory improvement period, which the DHHR did not oppose. As terms and conditions of this improvement period, petitioner was directed to complete a psychological and substance abuse evaluation, participate in random drug screens, and refrain from possessing or consuming any illegal substance. Further, petitioner's evaluation recommended that he participate in individual therapy, parenting education, and intensive outpatient substance abuse treatment. The evaluation also recommended inpatient substance abuse treatment should petitioner test positive during his improvement period.

Thereafter, petitioner complied with some services, but tested positive for controlled substances and also failed to screen as directed during the improvement period. Nonetheless, the circuit court granted petitioner an extension to his improvement period on June 23, 2015. During this hearing, petitioner voluntarily relinquished his parental rights to H.B.[2] In August of 2015, the DHHR filed a motion to terminate petitioner's parental and custodial rights. In support of the motion, the DHHR alleged that petitioner failed to submit to drug screening at any time after January of 2015 and had not visited his children since that time.[3] The following month, the circuit court held a disposition hearing and found that petitioner was addicted to controlled substances such that his parenting skills were seriously impaired. As such, the circuit court terminated petitioner's parental and custodial rights to G.M. and A.M.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

---

[2]The order from this hearing does not indicate that petitioner relinquished his rights to I.S. Following the entry of this order, H.B.'s name was removed as an infant respondent from the style of the proceedings below.

[3]In its motion to terminate below, the DHHR included I.S., while it specifically excluded H.B. due to petitioner's earlier voluntary relinquishment of the latter child. However, prior to the next order issued below, I.S.'s name was removed as an infant respondent from the style of the proceedings below.

[4]In the final dispositional order, the circuit court made no findings in regard to petitioner's parental rights with respect to child I.S. Upon our review of the record on appeal, it appears that no such ruling was ever made in the proceedings below.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, we have held that

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Upon our review, the Court finds that the circuit court erred in proceeding to termination of petitioner's parental rights without adjudicating him as an abusing parent.

In regard to adjudication, we have set forth the following:

"In a child abuse and neglect [case], before a court can begin to make any of the dispositional alternatives under W.Va.Code, [49-4-604], it must hold a hearing under W.Va.Code, [49-4-601], and determine 'whether [the] child is abused or neglected.' Such a finding is a prerequisite to further continuation of the case." Syl. Pt. 1, *State v. T.C.*, 172 W.Va. 47, 303 S.E.2d 685 (1983).

Syl. Pt. 3, *In re T.W.*, 230 W.Va. 172, 737 S.E.2d 69 (2012). In this case, the record is clear that the circuit court never held an adjudicatory hearing with respect to petitioner. According to the record, when the parties convened for what was styled as the sole adjudicatory hearing below, the DHHR clarified that it was "actually the preliminary hearing for [petitioner]" in regard to the second-amended petition, which petitioner's counsel confirmed. Moreover, the record is clear that, during this hearing, the State presented no evidence regarding the allegations against petitioner. In fact, the circuit court ruled from the bench and granted, in part, petitioner's motion to strike several portions of the second-amended petition for failure to allege facts that constituted abuse or neglect by him at such time as the children were in his custody. Further, the record is clear that at no subsequent hearings did the circuit court proceed to adjudication in

3

regard to petitioner. As such, this constitutes a substantial disregard of the applicable rules and statutes such that vacation of the resulting dispositional order is warranted.

In light of the Court's decision to remand the matter for the holding of an adjudicatory hearing as to petitioner, the Court declines to address whether the circuit court's failure to require a family case plan be filed prior to disposition constitutes reversible error. However, we note that the record is clear that the circuit court proceeded to disposition without requiring the DHHR to file a family case plan. This is in direct contradiction to West Virginia Code § 49-4-604(a)(2), which states that "[c]opies of the child's case plan shall be sent to the child's attorney and parent, guardian or custodian or their counsel at least five days prior to the dispositional hearing." As such, upon remand, the Court directs that a family case plan be properly developed and provided to any such parties as required by the applicable statutes and rules.

Further, the Court notes that the record is devoid of any ultimate ruling regarding petitioner's parental and custodial rights to I.S. While the record clearly contains rulings regarding petitioner's voluntary relinquishment of his parental rights to H.B. and the involuntary termination of petitioner's parental and custodial rights to G.M. and A.M., there is no such ruling in regard to I.S. As such, the Court instructs the circuit court to ensure that permanency for I.S. is secured in the ensuing proceedings by properly making a ruling on petitioner's parental and custodial rights to this child as well.[5]

Finally, in addition to vacating the circuit court's September 30, 2015, dispositional order such that the ruling terminating petitioner's parental rights to G.M. and A.M. are void, the Court also finds that it is necessary to vacate the circuit court's August 21, 2015, order reflecting petitioner's voluntary relinquishment to H.B. As with petitioner's other children, the circuit court in this matter failed to adjudicate petitioner as an abusing parent prior to accepting this voluntary relinquishment, in contradiction to our prior holdings. Specifically, this Court has held that

> [i]n an abuse and neglect case, the offer of a voluntary relinquishment of parental rights does not obviate the statutory requirements regarding the necessity for proceeding with the adjudicatory and dispositional phases of the abuse and neglect case. Prior to accepting an offer of voluntary termination of parental rights, a reviewing court must conduct the hearings required by West Virginia Code §§ [49-4-601 and 49-4-604].

Syl. Pt. 9, *In re: T.W.*, 230 W.Va. 172, 737 S.E.2d 169 (2012). As outlined above, the circuit court in this matter failed to properly hold an adjudicatory hearing in regard to petitioner. As such, the Court directs that, on remand, the circuit court properly follow the procedures for abuse

---

[5]The Court notes that the circuit court's final dispositional order is vacated only insomuch as it pertains to petitioner's parental and custodial rights to the children. The Court does not address the appropriateness of any rulings in regard to E.M., mother of G.M. and A.M., and further notes that the mother stipulated to adjudication below.

and neglect proceedings prior to accepting petitioner's voluntary relinquishment of parental rights to H.B.[6]

For the foregoing reasons, we vacate the circuit court's September 30, 2015, dispositional order and remand this matter to the circuit court for the holding of an adjudicatory hearing in regard to petitioner, and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and West Virginia Code §§ 49-1-101 through 49-7-304.[7]

Vacated and Remanded.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[6]The Court recognizes that the statute setting forth the requirements for a voluntary relinquishment of parental rights has been modified since our holding in *In re: T.W.* The new statute, found at West Virginia Code § 49-4-607, states as follows:

> [a]n agreement of a natural parent in termination of parental rights are valid if made by a duly acknowledged writing, and entered into under circumstances free from duress and fraud. Where during the pendency of an abuse and neglect proceeding, a parent offers voluntarily relinquish of his or her parental rights, and the relinquishment is accepted by the circuit court, the relinquishment may, without further evidence, be used as the basis of an order of adjudication of abuse and neglect by that parent of his or her children.

While this statute provides that the relinquishment itself may be used as the basis for an adjudicatory order against the parent, the record is clear that the circuit court in this matter failed to adjudicate petitioner as an abusing parent even after he entered his voluntary relinquishment.

[7]The Court notes that it makes no ruling regarding the children's temporary placement while the matter remains ongoing in the circuit court. That determination is best left to the circuit court to decide based upon the children's best interests and petitioner's ability to properly care for the children.